UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GROVER H. DAVIS,

    Plaintiff,

v.

Case No. 1:08-cv-891
Hon. Robert J. Jonker

THOMAS E. SHUMAKER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is now before the court on defendant's motion to dismiss or for judgment on the pleadings (docket no. 8).

    **I.**    **Plaintiff's complaint**

This is the second action filed by *pro se* plaintiff Grover Davis against Judge Thomas E. Shumaker which is related to proceedings in St. Joseph County to terminate plaintiff's parental rights.[1]  The record reflects that Judge Shumaker signed an order terminating plaintiff's parental rights.  *See* docket no. 10-3. Plaintiff is a 42-year old African-American Male.  Compl. at ¶¶ 6-7. In his complaint, he alleges that defendant, a St. Joseph County Probate Judge, conspired with the Department of Human Services ("DHS") and the Three Rivers Police Department ("Three Rivers") to remove a minor child from his custody.  *Id.* at ¶¶ 10-13.   In Count I, plaintiff alleges that defendant discriminated against him in violation of 42 U.S.C. § 1983.  In Count II, plaintiff alleges that defendant denied him due process.  Finally, in Count III, plaintiff alleges that defendant denied

---

[1] *See Grover H. Davis v. Thomas E. Shumaker*, No. 1:08-cv-243 (W.D. Mich.) (dismissed Feb. 19, 2009).

his constitutional right to a hearing before having the child removed from his custody. Plaintiff seeks unspecified damages and injunctive relief.

## II. Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) (for lack of subject matter jurisdiction), Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and 12(c) (judgment on the pleadings). Defendant's primary argument is that he has judicial immunity from this action. Under these circumstances, the court will view this as a motion to dismiss pursuant to Rule 12(b)(6). *See Brookings v. Clunk*, 389 614, 616-17 (6th Cir. 2004) (reviewing claim of judicial immunity under Rule 12(b)(6)). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir.2005). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted

as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  However, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens*, 500 F.3d at 527 (citations omitted).  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, the plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions or a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

Judges are entitled to absolute judicial immunity from suits arising out of the performance of their judicial functions.  *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  A judge will not be deprived of immunity because the action he took was in error or exceeded his authority.  *Mireles,* 502 U.S. at 12-13.  Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (*quoting Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872).   Furthermore, "judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice." *Brookings*, 389 F.3d at 617.  As the Supreme Court explained in *Forrester v. White*, 484 U.S. 219, (1988):

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the

> consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Forrester*, 484 U.S. at 226-227.

A judge's immunity is overcome in only two situations: (1) nonjudicial actions (i.e., actions not taken in the judge's official capacity); and (2) judicial actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 10-11. Plaintiff has not demonstrated either exception to judicial immunity. There is no question that Judge Shumaker's order was a judicial action which fell within the scope of his authority as a probate judge. Plaintiff's complaint alleges that the case was assigned to Judge Shumaker and that he entered the order terminating parental rights. Compl. at ¶¶ 10-17. Plaintiff disagrees with the order, claiming that the judge changed the date of his order, and was motivated by bias, prejudice and race. *Id.* at ¶¶ 15-16. Even if Judge Shumaker acted in such a manner, and the court makes no such findings, he is still entitled to absolute judicial immunity under these circumstances. *See Mireles*, 502 U.S. at 9-11; *Cleavinger*, 474 U.S. at 199-200; *Stump*, 435 U.S. at 359; *Pierson*, 386 U.S. at 553-54; *Brookings*, 389 F.3d at 61.

### III. RECOMMENDATION

I respectfully recommend that defendant's motion to dismiss (docket no. 8) be **GRANTED** and that plaintiff's suit be **DISMISSED**.

Dated:  May 26, 2009                                 /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).